**E-FILED**
Friday, 05 August, 2011 12:17:18 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| FRED LELAND | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 11-CV-3232 |
| | ) | |
| DR. HUBBARD et al., | ) | |
| | ) | |
| Defendants, | ) | |

## OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

Upon review of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A, the Court concludes that Plaintiff states an Eighth Amendment claim for deliberate indifference to his serious medical needs. He alleges that he has glaucoma and that Defendants are refusing to provide him with prescribed eye drops necessary to prevent blindness.

In light of the serious nature of the allegations, the Court contacted

1

an Illinois Assistant Attorney General[1] to look into the matter for the purpose of determining whether this case needs to be set for a preliminary injunction hearing. In response to that inquiry, Defendants maintain that Plaintiff has received two of his three eye drop prescriptions, with the third expected to be delivered by August 4, 2011. Defendants also maintain that Plaintiff continues to over-medicate himself, despite their efforts to educate him, which causes the eye drop medications to run out before the prescriptions can be refilled.

Based on this information, the Court does not believe it is necessary to set the case for a preliminary injunction hearing. Instead, the case will be sent for expedited service, and a status hearing will be set in two weeks to check on the status of Plaintiff's prescriptions.

IT IS THEREFORE ORDERED:

1. Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff states an Eighth Amendment

---

[1] Though Defendants have not been served, the Illinois Attorney General will likely be representing any defendants who are employees of the Illinois Department of Corrections.

claim for deliberate indifference to his serious medical need for his prescribed eye drops. Any other claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2. The U.S. Marshals are directed to personally serve a summons, a copy of the Complaint, and this Order on each of the Defendants, costs to be borne by the United States. The clerk is directed to prepare the summons and to forward the service packet to the Marshals.

3. Defendants shall file an <u>answer</u> within **20 days** after service. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion.

4. A status hearing is scheduled for August 22, 2011, at 9:30 a.m., by telephone conference. The clerk is directed to issue a telephone writ to secure Plaintiff's presence at the conference.

5. Plaintiff's motion for the appointment of counsel is denied as

premature (d/e 3). The Court cannot consider the merits of the motion until Plaintiff shows that he has made reasonable efforts to find counsel on his own. <u>Pruitt v. Mote</u>, 503 F.3d 647, 654-55 (7th Cir. 2007). Typically, a plaintiff makes this showing by writing to several different law firms and attaching the responses to the motion for appointment of counsel. Plaintiff may renew his motion for the appointment of counsel upon demonstrating that he has tried to find counsel on his own.

5. The clerk is directed to send a copy of this order to Illinois Assistant Attorney General Karen McNaught.

ENTERED: August 5, 2011

FOR THE COURT:

s/Sue E. Myerscough

SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE