UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

FRED LELAND,  )
 )
    Plaintiff,  )
 )
v.  )  11-CV-3232
 )
DR. HUBBARD et al.,  )
 )
 )
    Defendants,  )

## OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff pursues claims arising from the alleged deprivation of his prescribed eye drops to treat his glaucoma. The Complaint was sent to the Marshals for service on August 11, 2011, but service has not yet been attempted by the Marshals due to scheduling difficulties. At the hearing on August 22, 2011, Plaintiff confirmed that he is now receiving all of his eye medication. Accordingly, the Court will save the Marshal's scarce resources and direct that service be had through the Court's regular procedures.

1

On a separate matter, Plaintiff has filed a petition for a writ of mandamus, asking this Court to order the defendants to instruct him in the proper use of his eye medication. Plaintiff asserted at the August 22d hearing that he had not been instructed on the proper amount and method for administering his eye drops. Illinois Assistant Attorney General Bianca Chapman offered to ensure that instruction was provided. Plaintiff contends that he has still not received that instruction.

The Court notes that the attachment to Plaintiff's Complaint already sets forth the prescribed amount of medication. If Plaintiff remains unsure, he should first ask the medical staff to instruct him. If that does not work, he should file a grievance on the issue and exhaust his administrative remedies. If the issue remains unresolved, he may then file a motion with the Court, attaching his grievance and the responses.

Plaintiff has also filed a motion for a preliminary injunction and temporary restraining order, alleging that he has suffered retaliation since filing this lawsuit. He alleges that his cell was shaken down without

reason, in a manner leaving the cell "looking like a tornado". During the shakedown his cellmate's lamp was destroyed and the cellmate was placed in segregation.  Plaintiff believes that these actions were all in retaliation for this lawsuit, with the ulterior plan of motivating Plaintiff's cellmate to attack Plaintiff.  Plaintiff asks for this Court to order a stop to any further retaliation.

"An equitable, interlocutory form of relief, 'a preliminary injunction is an exercise of a very far-reaching power, never to be indulged in except in a case clearly demanding it.'" Girl Scouts of Manitou Council, Inc. v. Girl Scouts of the United States of America, 549 F.3d 1079, 1085  (7th Cir. 2008)(internal quotes and quoted cites omitted).  A plaintiff must demonstrate that: 1) without a preliminary injunction, he will suffer irreparable harm before the final resolution of his claims; 2) "traditional legal remedies would be inadequate"; and 3) that he "has some likelihood of succeeding on the merits of his claim." Id.

Plaintiff has not demonstrated that he will suffer irreparable harm without an injunction.  The alleged retaliatory act occurred once and did

not bring about any actual or threatened physical harm to Plaintiff.  His fears that the shakedown was a set-up to motivate an assault by his cellmate are not supported by any evidence.  Similarly, his contention that the shakedown was motivated by retaliation for this lawsuit is only an allegation at this point.  Plaintiff may ultimately be able to prove his allegations, but there is no proof in the record now to suggest that he has some likelihood of success on the merits of his retaliation claim.  Further, injunctions must be specific.  An injunction ordering the defendants to stop future undefined retaliation would be too vague.  Fed. R. Civ. P. 65(d)(every injunction order must state in "reasonable detail . . . the act or acts restrained or required."); 18 U.S.C. § 3626(a)(2)(injunction with respect to prison conditions must be narrowly drawn).  Plaintiff's motion will therefore be denied.  However, Plaintiff may file a motion to supplement his pleading under Fed. R. Civ. P. 15(d) in order to add this retaliation claim, setting forth in detail the incident and the names of the defendants involved.

IT IS THEREFORE ORDERED:

1) The Court vacates its order directing service by the Marshals. This case is referred to the Magistrate Judge for entry of a Scheduling Order directing service per the standard procedures and setting a Rule 16 conference date.

2) Plaintiff's petition for a writ of mandamus is denied (d/e 10).

3) Plaintiff's motion for a preliminary injunction or temporary restraining order is denied (d/e 11).

ENTERED:    September 22, 2011

FOR THE COURT:

                              s/Sue E. Myerscough
                              SUE E. MYERSCOUGH
                              UNITED STATES DISTRICT JUDGE