UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| FRED LELAND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 11-CV-3232 |
| | ) | |
| DR. HUBBARD et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff is pursuing claims for deliberate indifference to his glaucoma during his incarceration in Western Illinois Correctional Center. Plaintiff was released on parole in December 2012. Defendants move for summary judgment, arguing that Plaintiff failed to exhaust his administrative remedies.

The parties agree that Plaintiff did not follow the typical grievance procedure—Plaintiff did not submit his grievance to the counselor, then to the grievance officer, then to the warden, and then to the

1

Administrative Review Board.

However, Plaintiff did submit an emergency grievance stating that his glaucoma medication had run out and that he feared going blind without his eye medication. The Warden determined that an emergency was not substantiated and instructed Plaintiff to submit his grievance in the normal manner. Plaintiff asserts that, after the Warden's decision, Plaintiff did file a grievance in the normal manner but received no response.

Defendants argue that Plaintiff should have appealed to the Administrative Review Board the Warden's determination that Plaintiff's grievance was not an emergency. The problem with this argument is that the Board has six months to render a decision. 20 Ill. Admin. Code 504,850(f). The Board must "expedite" an appeal if the Warden determines the grievance is an emergency, but here the Warden denied emergency designation.

An inmate should not be able to escape the normal grievance procedure by falsely labeling a grievance an emergency, but that did not

happen here.  Plaintiff feared that his eyesight was in imminent danger, and Defendants offer no evidence that this fear was unreasonable or contrived.  As stated by the Seventh Circuit:

> If a prisoner has been placed in imminent danger of serious physical injury by an act that violates his constitutional rights, administrative remedies that offer no possible relief in time to prevent the imminent danger from becoming an actual harm can't be thought available.

Fletcher v. Menard Correctional Center, 623 F.3d 1171, 1173 (7th Cir. 2010).

The Court accordingly concludes that Plaintiff exhausted his available administrative remedies when he filed his emergency grievance, even though he did not appeal the Warden's decision that an emergency was not substantiated.

IT IS THEREFORE ORDERED:

1) Defendants' motions for summary judgment on exhaustion are denied (d/e's 42, 47).

2) By January 31, 2013, the parties shall provide to each other the initial disclosures described in Fed. R. Civ. P. 26(a)(1)(i)-(ii).

3) Plaintiff's expert disclosures pursuant to Fed. R. Civ. P. 26(a)(2) are due February 28, 2013.

4) Defendants' expert disclosures pursuant to Fed. R. Civ. P. 26(a)(2) are due March 29, 2013.

5) Discovery closes June 28, 2013.

6) Dispositive motions are due July 31, 2013.  A summary judgment motion which relies on Plaintiff's deposition or medical records must attach the complete copy of the deposition and the complete medical records for the relevant time period.  Summary judgment motions should include affidavits from the parties based on their personal knowledge.

7)  Written discovery must be served on a party at least 30 days before the discovery deadline.  Discovery requests and responses are not filed with the court, unless there is a dispute regarding such discovery.  See CDIL-LR 26.3.  Motions to compel discovery must be accompanied by the relevant portions of the discovery request and the response.  Additionally, except for good cause shown, motions to compel must be

filed within 14 days of receiving an unsatisfactory response to a timely discovery request.

8) A final pretrial conference is scheduled for January 6, 2014 at 1:30 p.m. by personal appearance of Plaintiff and Defense counsel.  The parties are directed to submit an agreed, proposed final pretrial order at least 14 days before the final pretrial conference.

9) The jury trial is scheduled on the Court's trailing trial calendar for February 4, 2014, at 9:00 a.m..  The actual date for jury selection and jury trial will be finalized at the final pretrial conference.

ENTERED: January 3, 2013

FOR THE COURT:

                                                s/Sue E. Myerscough
                                            SUE E. MYERSCOUGH
                                UNITED STATES DISTRICT JUDGE